IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CT-3083-D

JESSE YARBOROUGH, )
)
Plaintiff, )
)
v. ) **ORDER**
)
UNITED STATES OF AMERICA, )
et al., )
)
Defendants. )

On March 18, 2009, Jesse Yarborough ("Yarborough" or "plaintiff"), a federal inmate proceeding pro se, filed this civil rights action in the Central District of California. Id. Along with his complaint, Yarborough filed an application to proceed in forma pauperis. On April 23, 2009, that court allowed Yarborough to proceed without prepayment of the filing fee and filed the fifty-page complaint [D.E. 2, 3]. On April 24, 2009, that court reviewed the allegations in Yarborough's complaint and found that, because the claims alleged in the complaint arose at the Federal Correction Institution in Butner, North Carolina ("FCI-Butner" or "Butner"), venue was proper in this district. The action was transferred to this court pursuant to 28 U.S.C. § 1406(a) [D.E. 5 at 2–3]. On June 1, 2009, Yarborough filed a thirty-four page supplement to his complaint [D.E. 7]. On July 16, 2010, Yarborough filed a "motion to prevent irreparable injury" [D.E. 9].

The court now conducts a frivolity review under 28 U.S.C. § 1915A. As explained below, plaintiff failed to state any claim against defendants Morgan, Bailey, Hosher, Baskville, Fallon, and the United States, and these defendants are dismissed. Additionally, the court dismisses plaintiff's claim for retaliation, denial of access to the law library, negligent loss of property, and relief under

the Federal Tort Claims Act ("FTCA"). Plaintiff may proceed, however, with his claim of excessive force and/or deliberate indifference to a serious medical need against defendants Sappington, Sexton, and Caldious. Finally, the court denies Yarborough's motion for a preliminary injunction.

I.

Yarborough names as defendants a warden ("Mrs. Tyrane L. Morgan"), a secretary in the warden's office ("Mrs. M. Bailey"), a counselor ("Mr. J. Baskville MA Unit"), two correctional officers ("Lt. Sappington" and "CO Sexton"), a case manager ("Mrs. Hosher"), a physician ("Dr. Caldious"), someone who may be a physician's assistant ("PA Fallon"), and the United States of America. Compl. at 1–2. Yarborough alleges that, on October 16, 2007, while incarcerated at FCI-Butner, he was placed in segregated housing ("the SHU") pending an investigation. Id. at 5. While Yarborough was in the SHU, he was required to leave his "property"[1] in the "SHU property room under officer watch" and when Yarborough went "to check on" the property, "it was mysteriously missing." Id.

The remainder of Yarborough's lengthy complaint and supplement is difficult to understand. Yarborough appears to allege that the two correctional-officer defendants and others retaliated against him because he filed complaints about them. Compl. at 9, 14; see also Supp. at 3–4. Yarborough also briefly alleges that defendant Sappington denied him the "use of law library [sic]," and that the law library at Butner was inadequate and inmates are not allowed to use the computer. Compl. at 8; see also Supp. at 3, 6. Yarborough also appears to allege a claim of deliberate indifference to his serious medical needs and/or excessive force. Compl. at 8, 11, 16, 19–20.

---

[1] Yarborough later describes the "property" as "commissary and other itemized hygiencei [sic] clothing lists and receipts . . . one pair of tennis shoes [and] other items." Compl. at 6.

2

II.

Yarborough filed this action "pursuant [to] 42 U.S.C. § 1983 or Bivens v. Six Unknown Agents[,] 403 U.S. 388 (1971)[,]" as well as the FTCA, 28 U.S.C. §§ 2671–2680. Compl. at 3, 14. Courts must review complaints in civil actions in which prisoners seek relief from a governmental entity or officer, and dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). Where, as here, plaintiff is proceeding pro se, the court must hold the complaint to "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted).

Because Yarborough is a federal prisoner suing federal government employees, he must proceed under Bivens rather than under section 1983. See, e.g., Harlow v. Fitzgerald, 457 U.S. 800, 814–20 & n.30 (1982). A Bivens claim, however, is analogous to a section 1983 claim, and case law involving section 1983 claims generally applies in a Bivens action. See, e.g., Farmer v. Brennan, 511 U.S. 825, 839 (1994); Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); Carlson v. Green, 446 U.S. 14, 22 (1980).

Yarborough's claim concerning loss of personal property is based on alleged negligence,[2] and is not cognizable under Bivens. See, e.g., Daniels v. Williams, 474 U.S. 327, 328 (1986) (in a section 1983 action, the "Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property" (emphasis removed)); McIntyre v. Portee, 784 F.2d 566, 566–67 (4th Cir. 1986). The claim also is not cognizable under the FTCA. See Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 216 (2008). Thus, the court dismisses these claims as frivolous.

---

[2] Yarborough describes the loss of property as "negligent." Compl. at 4.

3

As for Yarborough's claim of retaliation, the Fourth Circuit has described how to review such claims:

> [I]n forma pauperis plaintiffs who claim that their constitutional rights have been violated by official retaliation must present more than naked allegations of reprisal to survive [28 U.S.C.] § 1915[(e)(2)(B)]. To hold otherwise would be to bring virtually every unpopular decision by state actors within the scope of a cause of action for retaliation. This would pose particular problems in the context of prison administration. Every act of discipline by prison officials is by definition "retaliatory" in the sense that it responds directly to prisoner misconduct. The prospect of endless claims of retaliation on the part of inmates would disrupt prison officials in the discharge of their most basic duties. Claims of retaliation must therefore be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in . . . penal institutions.

Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). To survive frivolity review, Yarborough "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Id. at 75.

Yarborough's allegations fail to allege that any defendant infringed any constitutionally protected right. Rather, Yarborough bases his retaliation claim solely on the fact that he filed grievances against various Butner staff. Yarborough, however, has no constitutional right to participate in the grievance process. See id. Additionally, Yarborough presents nothing more than naked assertions of retaliation. Accordingly, the court dismisses Yarborough's retaliation claim as frivolous.

As for Yarborough's claim regarding the law library at Butner, Yarborough has failed to "specifically explain how he was injured by any limitations on his access to the law library." Michau v. Charleston Cnty., S.C., 434 F.3d 725, 728 (4th Cir. 2006). Thus, the court dismisses the claim as frivolous. See id.; see also Lewis v. Casey, 518 U.S. 343, 351 (1996); Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (en banc).

As for Yarborough's deliberate indifference claim, a prisoner may bring a Bivens claim to

4

address claims of deliberate indifference to a serious medical need or excessive force. See, e.g., Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008); Holly v. Scott, 434 F.3d 287, 289 (4th Cir. 2006). In order to prove such a claim, Yarborough "must demonstrate that the officers acted with 'deliberate indifference' (subjective) to [his] 'serious medical needs' (objective)." Iko, 535 F.3d at 241 (quoting and citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)).

Yarborough alleges that, while he was in handcuffs, defendant Sexton "draged [sic] [Yarborough] tossed [him] in the cell[,] . . . slamed [him] on the floor, [and] told [Yarborough] if [he] move[d] [Sexton] would kill" him. Compl. at 8. Yarborough has also alleged that Sappington and Sexton placed Yarborough "in a known cell that had feces on the walls [and] bacterium[] all over the place[,]" gave Yarborough several shots, and told Yarborough "I hope you die in that cell." Id.; see also Supp. at 4–5. Yarborough has also alleged that after Yarborough underwent surgery, defendant Caldious refused to provide Yarborough with needed medical treatment. Id. at 11, 16, 19–20. Yarborough also alleges that "they" placed another inmate in Yarborough's cell "knowing he wasn't stable minded" and that the inmate assaulted Yarborough. Supp. at 4.

As for Yarborough's claim of excessive force and/or deliberate indifference to a serious medical need, it does not clearly appear from the face of the amended complaint that plaintiff is not entitled to relief. Thus, the claim is allowed to proceed.

Next, the court addresses whether Yarborough's claim of excessive force and/or deliberate indifference may proceed as to all of the named defendants. It appears that Yarborough has sued the United States because he asserts an FTCA claim. See 28 U.S.C. §§ 1346(b), 2674, 2679; Iodice v. United States, 289 F.3d 270, 273 n.1 (4th Cir. 2002) (United States is the only proper party in an FTCA action). However, Yarborough failed to state a claim under the FTCA. See, e.g., Ali, 552 U.S. at 216. Thus, the court dismisses the United States as a party.

5

As for defendant Warden Morgan, Yarborough bases his claims against Morgan on a theory of supervisory liability (respondeat superior) as evidenced by his allegations that the acts of which he complains "all happen[ed] . . . under Warden T Morgan [sic] watch[,]" that "Warden Mrs. T Morgan was aware that I was haveing [sic] problems," and "Warden Mrs. T Morgan refuse[d] to step in to address the problem." Compl. at 7–8, 10. In order to prove this theory of supervisory liability, Yarborough must show that: (1) the supervisor had actual or constructive knowledge that her subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. See, e.g., Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994).

Here, Yarborough does not allege facts to establish any deliberate indifference or affirmative causal link between Warden Morgan and Sappington's, Sexton's, or Caldious's alleged acts. Plaintiff specifically alleges that when Morgan discovered him in the cell, she "order[ed] that [he] be removed out of that cell rihgt [sic] away immediately." Compl. at 8. Just as section 1983 does not support a claim under a respondeat superior theory, the same principle holds true under Bivens. See, e.g., Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 n.58 (1978) (discussing 42 U.S.C. § 1983); Trulock v. Freeh, 275 F.3d 3091, 402 (4th Cir. 2001) (discussing Bivens). Thus, the court dismisses plaintiff's Bivens claim against Warden Morgan as frivolous.

As for defendant PA Fallon, plaintiff alleges that Fallon brought his medical needs to the attention of Caldious and "handle[d] it best she could." Compl. at 11. In light of this allegation, the court dismisses plaintiff's excessive and/or deliberate indifference claim against PA Fallon as frivolous.

6

As for defendant Bailey, Yarborough fails to allege sufficient facts to establish any claim against defendant Bailey, who "answered most of the remedy in which [plaintiff] filed[,]" although he makes the naked allegations that Bailey "show[ed] biainess [sic]" and "was acquiescing to the conspiracy, of the known wrongs, covert acts as well as the overt acts of" other defendants. Id. at 2, 11; Supp. at 4. Similarly, Yarborough fails to allege sufficient facts to establish any claim against defendant Baskville, who engaged in unidentified "covert acts as well as the overt acts[,]" as well as "unprofessinal [sic], inappropriate conduct." Compl. at 2; Supp. at 4–6. Likewise, Yarborough fails to allege sufficient facts to establish any claim against defendant Hosher, who he alleges engaged in unidentified "known wrong, and covert acts," and had an unspecified "conflict of interest, etc." Compl. at 10; Supp. at 5–6. Therefore, the court dismisses plaintiff's claims against defendants Morgan, Fallon, Bailey, Baskville, and Hosher as frivolous.

III.

Having determined that Yarborough may proceed against defendants Sappington, Sexton, and Caldious with his excessive force and/or deliberate indifference claim, the court notes that the complaint and supplement in their current state fail to satisfy the general rules of pleading. See Fed. R. Civ. P. 8. Before proceeding further, Yarborough must particularize his complaint with additional information. See Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965) (per curiam). The amended complaint must consist of more than labels and conclusions, must provide each remaining defendant fair notice of Yarborough's claims against him or her, and the grounds upon which each claim rests. See, e.g., Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 n.3 (2007). In other words, Yarborough must briefly describe the specific events and correlating dates which are the basis for his claims against each remaining defendant and the constitutional rights each remaining defendant allegedly violated. The amended complaint also must focus on Yarborough's remaining

7

claim of excessive force and/or deliberate indifference to a serious medical need, how the alleged events affected Yarborough, the injury he allegedly sustained, which remaining defendant inflicted the injury, and the relief sought. Yarborough may amend his complaint not later than October 29, 2010. The amended complaint will replace the original complaint and supplement [D.E. 3, 7]. See, e.g., Young v. City of Mount Ranier, 238 F.3d 567, 572–73 (4th Cir. 2001).

The court will review Yarborough's amended complaint and warns Yarborough that his amended complaint may be dismissed as frivolous, malicious, or for failure to state a claim. See 28 U.S.C. § 1915(e)(2). The court further cautions Yarborough that his failure to comply with this order may result in the dismissal of this action.

IV.

Next, the court addresses whether Yarborough has exhausted his administrative remedies as to his claim of deliberate indifference and/or excessive force. The Prison Litigation Reform Act of 1995 ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. §] 1983 . . . , or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 83–85 (2006); Porter v. Nussle, 534 U.S. 516, 524 (2002) (holding that the exhaustion requirement applies to prisoners suing under Bivens). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534 U.S. at 532; see Jones v. Bock, 549 U.S. 199, 211 (2007). A prisoner must exhaust administrative remedies regardless of the relief offered through administrative procedures. See Booth v. Churner, 532 U.S. 731, 740–41 (2001). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

The Federal Bureau of Prisons ("BOP") provides a sequential administrative process to address prisoner complaints. See 28 C.F.R. §§ 542.13–.15.

> First, an inmate normally must present his complaint informally to prison staff using a BP-8 form. If the informal complaint does not resolve the dispute, the inmate may make an "Administrative Remedy Request" to the prison Warden using a BP-9 form. The BP-8 and BP-9 forms are linked. Both forms involve a complaint arising out of the same incident and both must be submitted within twenty calendar days of the date of that incident. 28 C.F.R. § 542.14(a). If the Warden renders an adverse decision on the BP-9, the inmate may appeal to the Regional Director within twenty calendar days of the date the Warden signed the response, using a BP-10 form. 28 C.F.R. § 542.15(a). The inmate may appeal an adverse decision by the Regional Director to the Central Office of the BOP using a BP-11 form.

Hill v. Haynes, No. 08-7244, 2010 WL 2182477, at *1 n.1 (4th Cir. June 2, 2010) (per curiam) (unpublished).

The PLRA does not require that an inmate allege or demonstrate in his complaint that he has exhausted his administrative remedies. See Anderson v. XYZ Correctional Health Servs., 407 F.3d 674, 675 (4th Cir. 2005). Rather, a defendant must plead and prove the failure to exhaust. See id. at 676. Nonetheless,

> that exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

Id. at 683; see also Green v. Rubenstein, 644 F. Supp. 2d 723, 741–42 (S.D. W. Va. 2009).

In his "motion to prevent irreparable injury," Yarborough states that he "has been trying to further his exhaustion of administrative remedy's [sic] concerning his claims" in this action. Therefore, the court is concerned that Yarborough may not have exhausted his administrative remedies as to his excessive force and/or deliberate indifference claim, and finds it appropriate to receive a response from Yarborough concerning whether he has exhausted his administrative remedies as to his claim of excessive force and/or deliberate indifference against Sappington, Sexton,

9

and Caldious. Yarborough may provide his response in his amended complaint. Alternatively, Yarborough may provide a separate response not later than October 29, 2010.

V.

Finally, the court construes Yarborough's "motion to prevent irreparable injury" as a motion for a preliminary injunction. "Preliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524 (4th Cir. 2003) (quotation and alteration omitted). "Because a preliminary injunction affords, on a temporary basis, the relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by a clear showing that, among other things, it is likely to succeed on the merits at trial." Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 345 (4th Cir. 2009) (quotation omitted), vacated on other grounds, 130 S. Ct. 2371 (2010). A court may grant a temporary restraining order or a preliminary injunction if the moving party demonstrates "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008); see Fed. R. Civ. P. 65(b)(1)(A). In Real Truth About Obama, Inc., the Fourth Circuit acknowledged that the Supreme Court "rejected a standard that allowed the plaintiff to demonstrate only a 'possibility' of irreparable harm because that standard was 'inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'" 575 F.3d at 346 (quoting Winter, 129 S. Ct. at 375–76).

Yarborough has not established that he is likely to succeed on the merits, that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in his favor, or that

10

an injunction is in the public interest. Thus, Yarborough has failed to meet his burden of proof. Accordingly, petitioner's "motion to prevent irreparable injury" [D.E. 9] is denied.

VI.

In sum, the court finds that plaintiff has failed to state a claim against defendants Morgan, Bailey, Hosher, Baskville, Fallon, and the United States of America, and these defendants are DISMISSED. Additionally, plaintiff has failed to state any claim for retaliation, denial of access to the law library, or negligent loss of property, as well as any claim under the FTCA, and these claims are DISMISSED. Plaintiff may proceed with his claim of excessive force and/or deliberate indifference to a serious medical need against defendants Sappington, Sexton, and Caldious, but must file an amended complaint clarifying his allegations, along with information sufficient to allow the court to determine whether plaintiff has exhausted his administrative remedies as to these claims, not later than October 29, 2010. Plaintiff's motion for a preliminary injunction [D.E. 9] is DENIED.

SO ORDERED. This 30 day of September 2010.

JAMES C. DEVER III
United States District Judge