IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CT-3083-D

| | | |
|---|---|---|
| JESSE YARBOROUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

On March 18, 2009, Jesse Yarborough ("Yarborough" or "plaintiff"), a federal inmate proceeding pro se, filed this civil rights action in the Central District of California, along with an application to proceed in forma pauperis [D.E. 1, 3]. On April 24, 2009, that court reviewed the allegations in Yarborough's complaint and found that, because the claims alleged in the complaint arose at the Federal Correction Institution in Butner, North Carolina ("FCI-Butner" or "Butner"), venue was proper in this district. The action was transferred to this court pursuant to 28 U.S.C. § 1406(a) [D.E. 5]. On September 30, 2010, the court reviewed the allegations in the complaint and dismissed defendants Morgan, Bailey, Hosher, Baskville, Fallon, and the United States, as well as plaintiff's claim for retaliation, denial of access to the law library, negligent loss of property, and relief under the Federal Tort Claims Act ("FTCA") [D.E. 11]. The court allowed Yarborough to proceed with his claim of excessive force and/or deliberate indifference to a serious medical need against defendants Sappington, Sexton, and Caldious and directed Yarborough to particularize his complaint as to his remaining claim and provide information concerning whether he had exhausted administrative remedies. Id. at 4–8.

On October 18, 2010, Yarborough filed several motions, including a motion for reconsideration [D.E. 12], a motion for extension of time to file an amended complaint [D.E. 13], and a motion for appointment of counsel [D.E. 14]. On October 29, 2010, Yarborough filed an amended complaint [D.E. 15]. On November 1, 2010, Yarborough filed a supplemental response to the court's September 30, 2010 order [D.E. 16].

In his motion for reconsideration, Yarborough objects to the dismissal of his claim for denial of access to the law library, and the dismissal of defendants Hosher, Baskville, and Bailey. Mot. Recons. 1–2. "Plaintiff does not disagree with dismissing of" defendants Morgan and Fallon. Id. at 2.

Courts have wide discretion to determine whether to set aside interlocutory orders at any time prior to the entry of a final judgment. See, e.g., Am. Canoe Ass'n, Inc. v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003); Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1469 (4th Cir. 1991). Before a final order is entered, "a district court retains the power to reconsider and modify its interlocutory judgments." Am. Canoe Ass'n, Inc., 326 F.3d at 514–15; see Fed. R. Civ. P. 54(b). Here, nothing warrants reconsidering the court's order. Thus, plaintiff's motion for reconsideration is denied.

As for Yarborough's amended complaint, courts must review complaints in civil actions in which prisoners seek relief from a governmental entity or officer, and to dismiss a complaint if it is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i); id. § 1915A(b)(1). Yarborough alleges that he has exhausted his administrative remedies. Am. Compl. 2. As to the remaining defendants, Sappington, Sexton, and Caldious, it does not clearly appear from the face of the amended complaint that plaintiff is not entitled to relief. See, e.g., Am. Compl. 3, 9, 11–13. However, to the extent that Yarborough attempts to reassert previously dismissed claims against previously dismissed defendants, he fails

2

to state a claim for the reasons in the court's September 30, 2010 order. Additionally, because Yarborough timely filed his amended complaint, his motion for extension of time is denied as moot.

Finally, the court addresses Yarborough's motion for appointment of counsel. Yarborough seeks appointment of counsel "in order to investigate" the case and "fully and competently develop the record ... on his behalf." Mot. Appoint 3. No right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court, 490 U.S. 296 (1989); see Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163. The facts of this case and Yarborough's abilities do not present exceptional circumstances. Accordingly, the court denies Yarborough's request for appointment of counsel. To the extent that Yarborough seeks extra copies of the filings in this case, a pro se litigant assumes responsibility for properly maintaining his legal records. If additional copies of court filings are required, the Clerk of Court processes requests for a fee of fifty cents per page. See 28 U.S.C. § 1914 n. (District Court Miscellaneous Fee Schedule).

In sum, the court DENIES plaintiff's motions for reconsideration [D.E. 12] and for appointment of counsel [D.E. 14]. The court DENIES AS MOOT plaintiff's motion for extension of time to file an amended complaint [D.E. 13]. Plaintiff may proceed with his claim of excessive force and/or deliberate indifference to a serious medical need against defendants Sappington, Sexton, and Caldious, and the Clerk of Court is DIRECTED to maintain management of the action and to mail plaintiff a copy of his docket sheet with this order. If plaintiff desires copies of filings in the case, he may submit his request directly to the Clerk of Court and pay the required fee.

SO ORDERED. This 20 day of April 2011.

                                                 JAMES C. DEVER III
                                                 United States District Judge