IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CT-3083-D

JESSE YARBOROUGH,              )
                               )
            Plaintiff,         )
                               )
        v.                     )      **ORDER**
                               )
UNITED STATES OF AMERICA,      )
et al.,                        )
                               )
            Defendants.        )

On March 18, 2009, Jesse Yarborough ("Yarborough" or "plaintiff"), a federal inmate proceeding pro se, filed this civil rights action in the Central District of California, along with an application to proceed in forma pauperis [D.E. 1, 3]. On April 24, 2009, that court reviewed the allegations in Yarborough's complaint and found that, because the claims alleged in the complaint arose at the Federal Correctional Institution in Butner, North Carolina, venue was proper in this district. The action was transferred to this court pursuant to 28 U.S.C. § 1406(a) [D.E. 5]. On September 30, 2010, the court reviewed the allegations in the complaint and dismissed defendants Morgan, Bailey, Hosher, Baskville, Fallon, and the United States, as well as plaintiff's claim for retaliation, denial of access to the law library, negligent loss of property, and relief under the Federal Tort Claims Act [D.E. 11]. The court allowed Yarborough to proceed with his claim of excessive force and/or deliberate indifference to a serious medical need against defendants Sappington, Sexton, and Caldious, and directed Yarborough to particularize his complaint as to his remaining claim and to provide information concerning whether he had exhausted administrative remedies. Id. 4–10. On April 20, 2011, the court reviewed Yarborough's amended complaint and allowed him to proceed

with his claim of excessive force and/or deliberate indifference to a serious medical need against defendants Sappington, Sexton, and Caldious [D.E. 17]. Between May 12 and May 20, 2011, the remaining defendants were served with the complaint [D.E. 22–24]. On January 31, 2012, the court denied defendants' motion to revoke Yarborough's in forma pauperis status pursuant to 28 U.S.C. § 1915(g) [D.E. 30]. On February 2, 2012, Magistrate Judge William A. Webb entered a scheduling order [D.E. 31].

On March 23, 2012, Yarborough filed a motion for settlement and a jury trial [D.E. 33]. On March 27, 2012, defendants moved to dismiss the complaint for failure to state a claim [D.E. 34]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Yarborough about the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 36]. On June 1, 2012, Yarborough filed a motion to stay [D.E. 41].[1] On June 5, 2012, Yarborough filed a response in opposition to the motion to dismiss [D.E. 42]. As explained below, the court denies all motions.

I.

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted," a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 569–70 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam).

---

[1] Yarborough seeks a stay because he has been placed in administrative detention and is unable to "get his legal materials" to respond to defendants' motion to dismiss. Mot. Stay 1–2.

2

A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009); see also Iqbal, 556 U.S. at 678–79. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

"In order to make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quotation omitted). The Supreme Court has explained that the first prong is objective, while the second prong is subjective. Wilson v. Seiter, 501 U.S. 294, 298 (1991). Therefore, a prisoner must show that "the deprivation of [a] basic human need was objectively 'sufficiently serious'"and that "subjectively 'the officials act[ed] with a sufficiently culpable state of mind.'" Strickler, 989 F.2d at 1379 (second alteration in original) (emphasis omitted) (quoting Wilson, 501 U.S. at 298). Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement. See Helling v. McKinney, 509 U.S. 25, 36 (1993); Hudson v. McMillian, 503 U.S. 1, 8–9 (1992). Moreover, the court must view the conditions of which Yarborough complains in their totality. See, e.g., Wilson, 501 U.S. at 304; Williams v. Griffin, 952 F.2d 820, 824 (4th Cir. 1991).

As for the second component of an Eighth Amendment claim, Yarborough must plausibly allege that defendants were deliberately indifferent. Wilson, 501 U.S. at 303. "[D]eliberate

3

indifference entails something more than mere negligence [but] . . . is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). A prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. "[A]cting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." Id. at 836.

Yarborough alleges that defendants Sappington and Sexton placed him in "a cell with bacteria all over it . . . which cause [Yarborough] to have infections [and] suffer pain." Am. Compl. [D.E. 15] 3; see also Compl. [D.E. 3] 8 (alleging that Sappington and Sexton placed Yarborough "in a known cell that had feces on the walls [and] bacterium[] all over the place," gave Yarborough several shots, and told Yarborough "I hope you die in that cell"); [D.E. 7] (supplement) 4–5; [D.E. 42] (Resp. Opp'n Mot. Dismiss) 2 ("Lt. Sappington and Officer Sexton were aware of the filthy cell, including feces all over the walls and floor when they moved Plaintiff into cell 132 on March 18, 2008"). Yarborough "suffer[ed] a terrible infection[] for days" but defendant Caldious refused to see him or answer his sick call requests, and "altered [his] prescribed treatment" and denied him medication. Am. Compl. 9; see also Compl. 11, 16, 19–20 (alleging that after Yarborough underwent surgery, defendant Caldious refused to provide Yarborough with needed medical treatment). Yarborough alleges that defendant Sappington knew that Yarborough "was very ill sick" but placed Yarborough in "a cell with feces deliberately" with another inmate who assaulted him. Am. Compl. 9; see also [D.E. 7] 4 (alleging that "they" placed another inmate in Yarborough's cell "knowing he wasn't stable minded" and that the inmate assaulted Yarborough); Resp. Opp'n Mot. Dismiss 2 (asserting Sappington knew "that inmate Yarborough had already been attacked by

4

another inmate (Blain) on . . . February 29, 2008"). Yarborough further alleges that defendant Sexton "slam[med] [Yarborough] on the floor in cell while [Yarborough] was cuffed from behind" and threatened his life, causing Yarborough to "suffer a damage[d] shoulder." Am. Compl. 3; see also Compl. 8 (alleging that while Yarborough was in handcuffs, defendant Sexton "draged [sic] [Yarborough] tossed [him] in the cell[,] . . . slamed [him] on the floor, [and] told [Yarborough] if [he] move[d] [Sexton] would kill" him); Resp. Opp'n Mot. Dismiss 3 ("[O]n March 31, 2008, . . . Officer Sexton was violently squeezing my arm" and "[t]he aggression forced upon Plaintiff was unprovoked and maliciously applied.").

To the extent defendants assert that Yarborough has failed to provide sufficiently detailed "facts that would enable Defendants to formulate and adequately assert the defenses to which they are entitled, or to otherwise respond to the complaint[,]" Mem. Supp. Mot. Dismiss 6, the above allegations are "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). To the extent defendants assert that the above allegations fail as a matter of law to state an Eighth Amendment violation, the court disagrees. See, e.g., Wilkins v. Gaddy, 130 S. Ct. 1175, 1178 (2010) ("The core judicial inquiry . . . [is] whether force was applied . . . maliciously and sadistically to cause harm.") (quotations omitted); Webb v. Deboo, 423 F. App'x 299, 301 (4th Cir. 2011) (per curiam) (unpublished); McKeithan v. Beard, 322 F. App'x 194, 202 (3d Cir. 2009) (per curiam) (unpublished); Case v. Ahitow, 301 F.3d 605, 607 (7th Cir. 2002); McBride v. Deer, 240 F.3d 1287, 1292 (10th Cir. 2001); Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987).

II.

In sum, the court DENIES AS MOOT plaintiff's motion to stay [D.E. 41] and DENIES defendants' motion to dismiss [D.E. 34]. The court DENIES plaintiff's motion for settlement and

5

a jury trial [D.E. 33]. The request for a jury trial is untimely. See Fed. R. Civ. P. 38(b), (d). Judge Webb will modify the scheduling order in order to move this long pending case towards resolution.

SO ORDERED. This 19 day of September 2012.

JAMES C. DEVER III
Chief United States District Judge